IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22–CR–241 |
| vs. | ORDER |
| ANTONIO PAREDEZ, | |
| Defendant. | |

This matter is before the Court on the defendant's *pro se* Motion for Copies. Filing 47. The defendant specifically seeks copies of the docket sheet, indictment, judgment, plea agreement, and sentencing transcript. Filing 47. The defendant states that these documents are "needed in order to continue [his] post-conviction relief efforts." Filing 47. For the reasons stated below, the defendant's Motion is untimely and therefore denied without prejudice to reassertion.

Courts routinely treat prepetition requests for documents—including documents and exhibits that are already part of the record—under Rule 6 of the Rules Governing Section 2255 Proceedings, which governs discovery. *See United States v. Navarrete*, No. 8:16-CR-248, 2022 WL 16837042, at *1 (D. Neb. Nov. 9, 2022) (applying Rule 6 to a prepetition request for "all documents pertaining to the defendant's case, including trial transcripts" (cleaned up)); *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) (applying Rule 6 to a prepetition request for "transcripts, indictments, search warrants, or other records"). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)); *see also Cuya*, 964 F.3d at 973 (providing that "discovery in habeas actions is more limited than in other civil cases" (emphasis in original)). Consistent with the limited nature of discovery in proceedings under 28 U.S.C. § 2255, this Court previously concluded that it "cannot order

1

discovery in a habeas proceeding before the habeas petition has been filed." *United States v. Navarrete*, 2022 WL 16837042, at *1. Prior Eighth Circuit rulings support this conclusion. *See United States v. Losing*, 601 F.2d 351, 351 (8th Cir. 1979) (per curiam) (affirming where "[t]he district court denied the motion [for 'pre-existing records'] for the reason that 'any request for a full transcript prior to the filing of a § 2255 complaint is premature'"); *United States v. Barnett*, 389 F. App'x 575, 575 (8th Cir. 2010) (unpublished) (finding "no basis for reversal" of "district court's order effectively denying [the defendant's] request for a copy of an exhibit used at his sentencing hearing . . . because it is undisputed that [the defendant] had not filed a section 2255 motion at the time he requested the exhibit"); *United States v. Herrera-Zaragosa*, 84 F. App'x 728, 729 (unpublished) (8th Cir. 2004) (providing that a "petitioner is not entitled to transcript copies prior to filing a section 2255 motion"). The Eleventh Circuit published a persuasive explanation for why a "prisoner is not entitled to file a motion for discovery -- of transcripts, indictments, search warrants, or other records -- before filing a § 2255 motion to vacate." *Cuya*, 964 F.3d at 972 (reasoning that "a prisoner simply contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly 'prelitigation' posture").

Here, the defendant has not yet filed a petition for relief under 28 U.S.C. § 2255, which precludes the Court from ordering discovery related to such a petition. The Court will consider the merits of a motion seeking documents that is timely—that is, filed alongside or after a petition under 28 U.S.C. § 2255—under Rule 6 of the Rules Governing Section 2255 Proceedings, which requires "good cause" to order discovery.  Accordingly,

IT IS ORDERED that the defendant's Motion for Copies, Filing 47, is denied as untimely without prejudice to reassertion.

Dated this 22nd day of July, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge